[No. 6454. Decided November 8, 1906.]

CHEHALIS COUNTY, *Respondent*, v. EUGENE FRANCE, *Appellant*, JOHN VOSPER *et al.*, *Defendants.*[1]

TAXATION—FORECLOSURE OF COUNTY CERTIFICATES—COMMENCEMENT OF ACTION—STATUTES—CONSTRUCTION. No complaint is required for the foreclosure of a county general tax certificate, and under Pierce's Code, § 8694, the proceeding is instituted by filing the certificate with the clerk (RUDKIN, J., dissenting).

SAME — PROCESS — SERVICE BY PUBLICATION — TIME FOR SERVICE. Under Pierce's Code, § 8691, service by publication in a county tax foreclosure need not be commenced within ninety days from the commencement of the action, as in other civil actions.

SAME—SUMMONS FOR PUBLICATION—SUFFICIENCY. A summons for publication in a county tax foreclosure is not insufficient for informality in describing the plaintiff in the caption when properly described in the body of the summons.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered July 7, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action by a county to foreclose tax liens. Affirmed.

*J. B. Bridges*, for appellant.

*E. E. Boner*, for respondent.

HADLEY, J.—This is a proceeding by the county of Chehalis to foreclose general tax liens against property for which certificates of delinquency were not issued to individuals. The record shows the following facts: Certificates of delinquency were issued to the county by the county treasurer for the unpaid taxes of 1895 and prior years, in accordance with Pierce's Code, § 8694 (3 Bal. Code, § 1751b). The certificates were issued in book form, were filed by the treasurer with the clerk of the superior court of said county as required

. [1]Reported in 87 Pac. 353.

by said section, and within the time required by Pierce's Code, § 8705 (3 Bal. Code, § 1769), to wit, in December, 1901. Thereupon the treasurer, with the assistance of the then prosecuting attorney of said county, published a notice for the foreclosure of the certificates, and thereafter in due course judgment was entered purporting to foreclose all of the said tax liens. It was afterwards discovered that the published notice was defective and void, and that the judgment for that reason was also void. No deed was ever made in pursuance of the attempted foreclosure.

In October, 1905, the county, as plaintiff in the foreclosure proceeding, filed in the cause a petition or motion, setting forth the facts in reference to the published notice, and the procedure leading up to the judgment, and asked for an order setting aside the judgment and directing the republication of the notice for the foreclosure of said tax liens. Such an order was made and filed in the cause. Thereafter notice was published, and the defendant Eugene France, who is the owner of certain property sought to be foreclosed, appeared and contested the right of the county to foreclose in the above manner. His special appearance raising the question of jurisdiction having been overruled, he answered, setting up the above-stated facts. The cause was then tried and judgment was entered foreclosing all the certificates of delinquency, including those issued against the lands of defendant France, who has appealed.

Appellant admits that the certificates were issued and filed with the clerk of the superior court as required by law, but urges that compliance has not been made with § 8705, Pierce's Code, in that the proceeding to foreclose was not commenced before January 1, 1902. The certificates were filed with the clerk before that time, and if that constituted a commencement of the foreclosure proceeding, it was commenced within the statutory time. It will be observed that the section cited provides that upon certificates for the particular taxes included in this action, viz., those for 1895 and prior years,

held by the county, foreclosure proceedings must have been commenced prior to January 1, 1902. The foreclosure proceeding is a special statutory one and no formal complaint is required to be filed. Section 8694, Pierce's Code, merely provides that the county treasurer shall first file the certificates with the clerk, and that the subsequent procedure shall be as in the case of an individual certificate holder. In the latter case, Pierce's Code, § 8691 (3 Bal. Code, § 1751), provides merely for the giving of notice that the holder will apply to the superior court for judgment. We think the proceeding to foreclose the county certificates is initiated by the filing of the certificates with the clerk, and that it is thereby commenced. This suit was therefore commenced before January 1, 1902, as required by law.

It is further contended that, if the action was commenced by the filing of the certificates, the court has nevertheless lost jurisdiction by reason of failure to publish the notice within ninety days from the date of such filing. Our attention is called to Pierce's Code, § 8692 (Bal. Code, § 1751), which provides that the summons in this special proceeding shall be served in the same manner as summons in a civil action is served in the superior court. It is also pointed out that Pierce's Code, § 326 (Bal. Code, § 4869), provides that a civil action may be commenced by the filing of a complaint with the clerk of the court, but that unless service has been had prior to the filing of the complaint, one or more defendants must be served personally, or publication service commenced within ninety days from the filing of the complaint. In this case there was no personal service, and publication was not made within ninety days after the certificates were filed. If this proceeding is governed entirely by the general statute, appellant's contention must prevail. The only service provided for county foreclosures is by publication, and § 8692, *supra,* refers only to the manner of making such service; that is to say, the time the publication shall run, the place where the summons shall be published, and other details

pertaining to the method of making publication service. As to the time when the actual service may be made, we find that § 8691, *supra,* provides that the individual certificate holder may give the notice "any time after the expiration of three years from the original day of delinquency." There is manifestly no limitation as to the time when the individual certificate holder may give his notice after the right to give it accrues. The same must be true as to counties, for after the certificates have been filed, "the same proceedings shall be had as when held by an individual." We therefore conclude that, under the special statute, the county was not required to commence publication within ninety days, as is required in ordinary civil actions.

The further point is made that the summons last published was insufficient. It is entitled, "In the Superior Court of the State of Washington for the County of Chehalis. State of Washington, County of Chehalis, plaintiff, v. John Vosper etc., defendants." Appellant asks the question whether the state of Washington or the county of Chehalis is plaintiff under the above caption. While it is true the caption is somewhat informal, yet the body of the summons clearly describes the county of Chehalis as the plaintiff, and it is manifest that no one could have been misled by the informality in the caption.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, CROW, and DUNBAR, JJ., concur.

RUDKIN, J. (dissenting)—I dissent. Pierce's Code, § 8705, provides "That on all certificates of delinquency issued for the taxes of 1895 and prior years, proceedings for foreclosure under the provisions of this act may commence on and after December 1, 1900, and not sooner; and on certificates of delinquency for 1895, and prior years, held by the county— [and such are the certificates involved in this case]—proceedings must be commenced on or before the first day of Janu-

ary, 1902, by the several county treasurers under the provisions of this act." Pierce's Code, § 8694, provides that:

"After the expiration of five years from the date of delinquency, when any property remains on the tax rolls for which no certificate of delinquency has been issued, the county treasurer shall proceed to issue certificates of delinquency on said property to the county, and shall file said certificates when completed with the clerk of the court, and the treasurer shall thereupon, with such legal assistance as the county commissioners shall provide in counties having a population of thirty thousand or more, and with the assistance of the county prosecuting attorney in counties having a population of less than thirty thousand, proceed to foreclose in the name of the county, the tax liens embraced in such certificates, and the same proceedings shall be had as when held by an individual: *Provided,* That summons may be served or notice given exclusively by publication in one general notice, describing the property as the same is described on the tax rolls. Said certificates of delinquency issued to the county may be issued in one general certificate in book form including all property, and the proceedings to foreclose the liens against said property may be brought in one action and all persons interested in any of the property involved in said proceedings may be made co-defendants in said action, and if unknown may be therein named as unknown owners, and the publication of such notice shall be sufficient service thereof on all persons interested in the property described therein."

It seems to me the requirements of the last section, that the county treasurer shall proceed to foreclose the certificates of delinquency filed with the clerk with the legal assistance therein provided for, that the proceedings may be brought in one action against all parties in interest, that certain persons shall be named as defendants, etc., are utterly inconsistent with the holding that the foreclosure proceedings are commenced by simply filing the certificates of delinquency with the county clerk. I am therefore of opinion that the proceedings before this court were not commenced within the time limited by law, and that the judgment should be reversed.